[L. A. No. 12.    Department Two.—March 24, 1896.]

## ANDREW J. O'CONOR, RECEIVER, ETC., RESPONDENT, v. O. S. WITHERBY, APPELLANT.

ATTACHMENT—SUFFICIENCY OF AFFIDAVIT BY RECEIVER—STATEMENT OF INDEBTEDNESS — VARIANCE — EXCLUSION OF SETOFFS AND COUNTERCLAIMS—CASE AFFIRMED.—The case of *O'Conor* v. *Rourke*, 108 Cal. 173, affirmed as to the sufficiency of an affidavit for an attachment by a receiver as respects reference to the title of the action, in the statement of indebtedness to the affiant, as respects the statement of the amount of the indebtedness, and variance thereof from the complaint, and, also, as respects the conjunctive exclusion of setoffs and counterclaims.

ID.—STATEMENT AS TO ABSENCE OF SECURITY—PLEDGE.—A statement in the affidavit for attachment against a resident debtor, in reference to security for the debt, "that the same has not been secured by any mortgage or lien upon real or personal property, or any pledge upon personal property," is not rendered insufficient because the words of the statute, "pledge of personal property," are not used therein, the intention of the affiant being plain, and the declaration that he has no lien upon personal property being a sufficient negative of all possibility of his having any pledge of personal property.

APPEAL from orders of the Superior Court of San Diego County refusing to dissolve an attachment, and from an order refusing to retax the costs of the attachment.    E. S. TORRANCE, Judge.

The plaintiff sued as receiver of the Consolidated Bank of San Diego. The affidavit for attachment against the defendant contained the title of the court and cause, and the body of it was as follows:

"Andrew J. O'Conor, being duly sworn, says that he is the plaintiff in the above-entitled action; that the defendant in the said action is indebted to him in the sum of ten thousand dollars, and legal interest thereon from November 25, 1893, legal money of the United States, over and above all legal setoffs and counter-claims, upon an implied contract for the direct payment of money, to wit, an assessment and requisition of one hundred dollars ($100) per share upon the shareholders of the Consolidated National Bank of San Diego, levied and made October 25, 1893, by James H. Eckels, comp-troller of the currency under and by virtue of the laws of the United States of America, and against the defend-ant O. S. Witherby, as one of the shareholders in said bank, and who was, at the date of the making of said assessment, and now is, the owner and holder of 100 shares of the capital stock of said Consolidated National Bank of San Diego, and that such contract was made and is payable in this state, and that the payment of the same has not been secured by any mortgage or lien upon real or personal property, or any pledge upon per-sonal property.

"That the said attachment is not sought, and the said action is not prosecuted to hinder, delay, or defraud any creditor or creditors of the said defendant.

"Andrew J. O'Conor."

Further facts are stated in the opinion.

*W. F. McNealy, E. Parker,* and *Trippet, Boone & Neale,* for Appellant.

The affidavit for attachment does not show that the defendant was indebted to the plaintiff, but only to Andrew J. O'Conor personally, the words following his name in the title being mere *descriptio personæ.* (1 Am. & Eng. Ency. of Law, 388; 17 Am. & Eng. Ency. of Law, 491; *Tate* v. *Shackelford,* 24 Ala. 510; 60 Am. Dec. 488; *Stock-ton etc. Assn.* v. *Chalmers,* 75 Cal. 332; 7 Am. St. Rep. 173.) The affidavit does not specify the amount of the

indebtedness. (Code Civ. Proc., sec. 538; *Kennedy* v. *California Sav. Bank*, 97 Cal. 99; 33 Am. St. Rep. 163; *Bowers* v. *London Bank*, 3 Utah, 417; *Espey* v. *Heidenheimer*, 58 Tex. 662.) The amount is not stated in conformity to the complaint. (Code Civ. Proc., sec. 540; *Joiner* v. *Perkins*, 59 Tex. 300; *Moore* v. *First Nat. Bank*, 82 Tex. 537; *Evans* v. *Tucker*, 59 Tex. 249; *Grebe* v. *Jones*, 15 Neb. 312; *Wright* v. *Snedecor*, 46 Ala. 92.) The exclusion of setoffs and counterclaims in the conjunctive is insufficient. (*Moody* v. *Levy*, 58 Tex. 532; *Wilke* v. *Cohn*, 54 Cal. 212.) The affidavit does not state, as required by the statute, that the debt was not secured by a pledge " of " personal property. The word " upon " instead of " of " is meaningless and insufficient. (Code Civ. Proc., sec. 538.)

*V. E. Shaw*, for Respondent.

Most of appellant's points were made in *O' Conor* v. *Rqark*, 108 Cal. 173. " Pledge upon " and " pledge of " should be construed as having the same meaning. (Wade on Attachments, sec. 56; *Kohler* v. *Agassiz*, 99 Cal. 9; *Simpson* v. *McCarty*, 78 Cal. 177; 12 Am. St. Rep. 37.)

Haynes C.—Appeal from an order denying defendant's motion to dissolve an attachment, and from an order refusing to retax the costs of said attachment.

Appellant's only contention is that the affidavit for attachment is defective and insufficient in the following particulars: 1. That it does not show that the defendant was indebted to the plaintiff; 2. That it does not specify the amount of such indebtedness; 3. That the amount of plaintiff's demand in said writ is not stated in conformity to the complaint; 4. That it does not specify the amount of such indebtedness over and above all legal setoffs and counterclaims; 5. That it does not state that the payment of said alleged indebtedness has not been secured by any mortgage or lien upon personal property, or any pledge of personal property.

All of these objections, except the last, were considered and decided adversely to appellant in the case of *O'Conor* v. *Roark*, 108 Cal. 173, the affidavit in that case being the same as the one before us so far as the first four objections are concerned. Those points need not therefore be considered.

So far as appellant's fifth point is concerned, the language of the affidavit is as follows: " That the payment of the same has not been secured by any mortgage or lien upon real or personal property, or any pledge *upon* personal property."

The statute uses the word " of " instead of " upon." It is said that a pledge " upon " personal property is meaningless. The intention of affiant, however, is plain, and it might properly be held a mere clerical error which would not affect its sufficiency. If that clause of the affidavit had been omitted we should be compelled to hold that it was sufficient. The declaration that he has no lien upon personal property negatives all possibility of his having a pledge; for if he had a pledge of personal property he must have had a lien upon it. It was expressly so decided in *Glidden* v. *Whittier*, 46 Fed. Rep. 437, under the statute of Idaho, which contains precisely the same requirement. In that case the last clause was entirely omitted.

The affidavit for attachment being sufficient, the motion to retax the costs was properly denied.

The orders appealed from should be affirmed.

Searls, C., and Vanclief, C., concurred.

For the reasons given in the foregoing opinion the orders appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.