[Civ. No. 566. Third Appellate District.—March 5, 1910.]

KATE A. O'CONNELL, Administratrix of Estate of GEORGE P. O'CONNELL, Deceased, Respondent, v. DAVID F. WALKER et al., Defendants; WALTER J. BARTNETT, Appellant.

ATTACHMENT—INSUFFICIENT AFFIDAVIT—ALTERNATIVE FORM.—An affidavit for a writ of attachment which literally follows the alternative form prescribed by the statute, where the claim declared arises out of a contract for the direct payment of money, that "the payment of the same has not been secured by any mortgage or lien upon real or personal property, or any pledge of personal property, or if originally so secured, that such security has, without any act of the plaintiff, or the person to whom such security was given, become valueless," does not state either main alternative with certainty, and is insufficient to authorize the issuance of the writ.

ID.—IMPROPER WRIT—MOTION TO DISSOLVE DENIED—REVERSED.—A motion to dissolve such improper writ of attachment should have been granted, and an order refusing to dissolve it must be reversed.

CORPORATIONS—INSOLVENT BANK—INDIVIDUAL LIABILITY OF DIRECTORS.—The individual liability of the directors of an insolvent bank for moneys thereof, which were wrongfully diverted and converted by them is based on section 3 of article XII of the state constitution.

APPEAL from an order of the Superior Court of the City and County of San Francisco, refusing to dissolve a writ of attachment. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Gray & Cooper, for Appellant.

Daniel O'Connell, for Respondent.

HART, J.—The court below declined to grant the motion of the appellant to discharge the writ of attachment issued in this action, and this appeal is from the order denying said motion.

The defendants were the directors of the California Safe Deposit and Trust Company for several years prior to and at the time that said company was declared to be insolvent by the state bank commissioners in the month of December, 1907, and at the time said corporation was adjudged insolvent and a receiver thereof appointed, on the eighteenth day of January, 1908, by the superior court in and for the city and county of San Francisco. This action is against said corporation and the directors thereof. The complaint alleges that the plaintiff, as administratrix, etc., in the year 1907 deposited with the savings department of said company the sum of $1,774.00, which it agreed to pay to her on demand, and "although she has demanded said money from said company, no part thereof has ever been paid to her, and the whole of said sum with interest thereon is still due and owing to this plaintiff."

It is further alleged that during the incumbency in office of the defendants, other than the corporation, as directors of the latter, the moneys and funds of said corporation were loaned on inadequate security; that they were directly or indirectly borrowed by the directors and officers of said corporation; that the officers of the corporation overdrew their accounts; that dividends were made and paid from other than the surplus profits arising from the business of said corporation, and, in divers other ways, specifically alleged, it is declared that the funds of the corporation were wrongfully diverted and converted by said directors and officers.

Subsequently to the filing of the complaint, there was filed on behalf of plaintiff an affidavit on attachment, upon which a writ of attachment was issued and executed against the property of the defendant and appellant, W. J. Bartnett.

The individual liability of the directors for the claim of the plaintiff is founded on the provisions of section 3 of article XII of the state constitution. That section provides that "the directors or trustees of corporations and joint stock associations shall be jointly and severally liable to the creditors and stockholders for all moneys embezzled or misappro-

priated by the officers of such corporation, or joint stock association, during the term of office of such director or trustee.''

It is claimed, however, among other contentions against the legality of the order from which this appeal is prosecuted that the affidavit upon which the writ of attachment was issued is fatally defective, in that it does not properly adhere to the requirements of the statute prescribing the conditions upon which, only, a writ may be issued, and that said writ was, therefore, irregularly issued.

Among other prerequisites which are required by the statute to be observed before a writ of attachment is authorized to be issued is that the affidavit upon which such writ may alone be issued, where the claim declared upon arises out of a contract, express or implied, for the direct payment of money, must contain the following statement: ''That the payment of the same has not been secured by any mortgage or lien upon real or personal property, or any pledge of personal property, or if originally so secured, that such security has, without any act of the plaintiff, or the person to whom the security was given, become valueless.'' (Code Civ. Proc., sec. 538.)

The allegation in the affidavit upon the subject of non-security, etc., literally follows the language of the statute and reads as follows: ''And the payment of the same has not been secured by any mortgage or lien upon real or personal property, or any pledge of personal property, *or*, if originally so secured, that such security has, without any act of the plaintiff, or the person to whom the security was given, become valueless.''

The specific complaint against the validity of the affidavit as the foundation for the issuance of the writ lies in the alternative form in which it is therein declared that the claim sued on is not secured by a lien of any character.

Under the decisions in this state the point appears to be well taken. The respondent has filed no brief on this appeal, and, therefore, the point suggested is not combatted here.

In *Wilke* v. *Cohn*, 54 Cal. 212, an affidavit for a writ of attachment contained, as here, an allegation as to nonexistence of security for the claim which was the basis of the action in the alternative form, and the court, holding said affidavit to be insufficient and the attachment irregularly issued, says:

"It would be proper to follow the language of the statute, in saying that payment had not been secured by any mortgage or lien upon real or personal property, because it includes two or more phases of the same fact, attended with the same results, namely, that no security had ever been given; but to use the above language, and then say, '*or*, if originally so secured, such security has become valueless,' is not to state either with certainty. It does not say that no security was ever given; neither does it say that security was given, but that the same has become valueless."

To the same effect is the case of *Winters* v. *Pearson*, 72 Cal. 553, [14 Pac. 304].

Our attention has been directed to no subsequent decision of the supreme court overruling the cited cases, and we assume that if the rule as therein stated had since been receded from, counsel for the respondent would have called our attention thereto.

As stated, under these decisions the affidavit was insufficient to authorize the issuance of the writ of attachment, and the motion to dissolve the writ should have been granted.

Some other points were made against the regularity of the issuance of the writ, but the first point suggested being decisive of the case, said points need not be noticed.

The order is reversed, with directions to the court below to discharge the writ of attachment.

Chipman, P. J., and Burnett, J., concurred.