[Civ. No. 1167.   Third Appellate District.—October 21, 1913.]

## ELMER E. NICHOLS, Respondent, v. J. O. DAVIS et al.. Appellants.

ATTACHMENT—AFFIDAVIT—AMENDMENT BY ATTORNEY.—Under sections 538 and 558 of the Code of Civil Procedure, an amended affidavit in attachment proceedings, as well as the original affidavit, can be made for the plaintiff by his attorney.

ID.—AMENDMENT OF AFFIDAVIT—WHEN ALLOWABLE.—Under section 558 of the Code of Civil Procedure the attaching party may, by amendment, supply that which, by reason of inadvertence or oversight, was omitted from the affidavit, but the provision cannot be construed as authorizing the filing of an affidavit in support of a writ theretofore issued in the absence of that which constitutes the substance of the act required as a prerequisite to the issuance thereof.

ID.—ACTION AGAINST TWO DEFENDANTS—AMENDMENT OF AFFIDAVIT TO SHOW.—An affidavit on attachment in an action against two defendants, which recites that the attachment is not sought, and the action is not prosecuted to hinder, delay, or defraud any creditor or creditors of the "said defendant," may be amended under section 558 of the Code of Civil Procedure by changing "defendant" to "defendants," and adding thereafter the words "or of either of them."

ID.—AMENDMENT OF AFFIDAVIT—DESCRIPTION OF CONTRACTS.—A statement in the affidavit that the defendants are indebted to the plaintiff upon seven express contracts for the direct payment of money in this state, and that payment of the same has not been secured, may be amended so as to describe the contracts, which consist of seven promissory notes, by reference to the complaint, and adding "that the payment of the same and each of them and each part of them has not been secured," etc.

ID.—CONSTRUCTION OF AFFIDAVIT—SECURITY FOR NOTES.—The affidavit, as thus amended, is not subject to the criticism that from aught that appears from the affidavit the payment of some of the promissory notes has been secured. The affidavit plainly enough states that such contracts have not been secured, nor has either of them nor any part thereof been secured.

ID.—NEGATIVE PREGNANT—INTERPRETATION OF AFFIDAVIT.—The rule with regard to a negative pregnant, as also an affirmative pregnant, has reference more particularly to a pleading, which must not be ambiguous. An affidavit in an attachment is not strictly a pleading, but is more a matter of evidence, and is to be given a fair and reasonable construction in arriving at its meaning.

APPEAL from an order of the Superior Court of Alameda County refusing to dismiss attachments. Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

J. E. Pemberton, Keyes & Martin, and J. O. Davis, for Appellants.

J. A. Elston, and George Clark, for Respondent.

CHIPMAN, P. J.—Defendants appeal from the order denying their motion to dismiss certain writs of attachment upon several grounds of which only the following are urged in defendants' opening brief: That the affidavits used at the hearing "show affirmatively that there was security in the shape of a lien on personal property"; that the affidavit originally filed was so defective as not to admit of amendment under section 558 of the Code of Civil Procedure as amended in 1909 (Stats. 1909, p. 253); that the amended affidavit is fatally uncertain.

1. Plaintiff is the assignee of certain promissory notes assigned to him by the payee, the First National Bank of Berkeley. The pleadings in the action are not in the record, but we infer from what elsewhere appears that the notes in question were signed by both defendants. In his affidavit, defendant, J. O. Davis, deposed that the "said notes are in equity the obligations of the said Keystone Construction Company, and that plaintiff and the said First National Bank of Berkeley at the time of the filing of suit on said notes had full notice of such facts"; that, at the time of the execution of said notes, the said company was engaged in the performance of certain contracts with the city and county of San Francisco, involving a large amount of money—stating the particulars—and that said company, at the request of said bank, assigned to it the said contracts as security for the promissory notes of said company and other of its debts, "which debts the notes sued upon herein are in equity a part." How this alleged equity arises is not shown.

Witness Naylor, vice-president of the bank, testified that the Keystone Construction Company "was never in any way connected with the transactions of the loaning of the money by

said bank to J. O. Davis"; that "it was never at any time intended by the parties to the said assignments (of the Keystone Company contracts) that the same should be deemed security for the payment of the promissory notes hereinbefore mentioned. That it was at all times understood between the said bank and the said company that the assignments should constitute merely authorities to collect such moneys as might be collected by the said bank from said city and county of San Francisco." Other statements are made by the deponent further explaining the relation of the parties, all of which controvert the claim made by defendants that these Keystone Construction Company assignments were intended as security for the notes in suit.

2. It is contended that the affidavit filed on the issuing of the writs was "a worthless affidavit, one which was in legal effect only blank paper," and would not, under section 558 of the Code of Civil Procedure, justify the filing of a new affidavit by another affiant in such a case as this." (Citing *O'Connell* v. *Walker,* 12 Cal. App. 694, [108 Pac. 668].) In that case, the objection arose out of the statement as to security which was in the alternative. The indebtedness sued upon accrued, and the action was commenced, as we understand the case, before the amendment of section 558 in 1909, and, besides, the question of the right to amend did not arise in the case.

The only cases we have found decided on appeal referring to the amendment of the statute are *Jensen* v. *Dorr,* 157 Cal. 437, 441, [108 Pac. 320], and *Fairbanks, Morse & Company* v. *Getchell,* 13 Cal. App. 458, [110 Pac. 331]. In the latter case the notary who executed the *jurat* resided in and was commissioned as a notary of Kern County. The affiant was in the city of Los Angeles, and the notary called him up over the telephone and took his statement and administered the oath while the affiant was in Los Angeles. The court, for reasons given, said: "Inasmuch, however, as the act of Kaye (the notary) in administering the oath was a nullity, and the purported affidavit void, it follows that there was nothing to amend. The authorized amendment of the affiant contemplates the existence of an affidavit. There could be no irregularity in that which had no existence." Upon the point that in the present case the amended affidavit was improperly made by the plaintiff's attorney, the case cited shows that an affidavit may be made by

or on behalf of the plaintiff. (Code Civ. Proc., sec. 538.) We see no reason why an amended affidavit also may not be made on behalf of the plaintiff. Said section 558 reads as follows: "If upon such application, it satisfactorily appears that the writ of attachment was improperly or irregularly issued, it must be discharged; provided, that such attachment shall not be discharged if at or before the hearing of such application, the writ of attachment, or the affidavit, or undertaking upon which such attachment was based shall be amended and made to conform to the provisions of this chapter." In construing this section in the case cited, Mr. Justice Shaw, speaking for the court, said: "Under this proviso the attaching party may by amendment supply that which, by reason of inadvertence or oversight, was omitted from the affidavit, but the provision cannot be construed as authorizing the filing of an affidavit in support of a writ theretofore issued in the absence of that which constitutes the substance of the act required as a prerequisite to the issuance thereof." In that case, there was in effect no affidavit at all, hence there was nothing to amend, and the statute gives authority only to amend what was in existence. That was as far as the case called for decision. We can conceive of an affidavit not absolutely void yet lacking in some substantive particular, but showing an honest attempt to follow the statute. It is not always easy to distinguish between matter of form merely and substance in dealing with statutory remedies and with statements required in affidavits. We should hesitate to differ from our learned brother and it may be that his construction of the statute is a safe and sound one. In the case in hand, however, such construction may be accepted and the order appealed from, in our opinion, upheld.

The original affidavit read: "That said attachment is not sought, and the said action is not prosecuted to hinder, delay or defraud any creditor or creditors of the said defendant." In its amended form it reads the same down to the word "defendant" which is put in the plural, "defendants," and the words, "or of either of them," added. This, we think, was allowable. The first affidavit read: "Elmer E. Nichols being duly sworn says: that he is the plaintiff in the above-entitled action; that said defendants in the said action are indebted to him in the sum of ten thousand ($10,000) dollars

gold coin of the United States over and above all legal set-offs and counterclaims upon seven express contracts for the direct payment of money'' with interest at seven per cent, and payable in this state and that payment of the same has not been secured, etc. In the amended affidavit these several seven promissory notes are described, and it is stated: ''For a more particular description reference is made to the verified complaint on file herein, which is referred to and made part of this affidavit''; and, ''that such contracts were made and are payable in this state and that the payment of the same and each of them and each part of them has not been secured,'' etc.; that ''the plaintiff is absent from Alameda County, California (where the action was being tried), and will not return for four days. Affiant makes this affidavit for and at the direction of plaintiff, and affiant is familiar with the facts.'' This amended affidavit extends and elaborates and particularizes what was attempted, but was perhaps imperfectly stated in the original affidavit. There was not in that affidavit an entire ''absence of that which constitutes the substance of the act required as a prerequisite to the issuance'' of the writ.

3. We do not think the criticism is well founded that ''from aught that appeared from the affidavit the payment of some of the promissory notes had been secured.'' It is urged that the phraseology with reference to the security is the ''negative pregnant found anywhere in the books.'' Among the facts to be stated in the affidavit the statute reads: ''and that such contract was made payable in this state and that payment of the same has not been secured by any mortgage,'' etc. The language used in the affidavit is—''that payment of the same (the contracts just previously mentioned), and of each of them, and of each part of them has not been secured,'' etc. Where there is a single contract or promissory note it would be sufficient to allege, in the language of the statute, ''that the payment of the same has not been secured,'' etc., without adding ''nor has any part thereof been secured.''

It seems to us that where several contracts are the subject of the action it would be a sufficient compliance with the statute to allege ''that such contracts were payable in this state, and that the payment of the same has not been secured by any mortgage,'' etc. Here the affiant has gone further and alleged ''that each of them and each part of them has not been se-

cured," etc. The rule with regard to a negative pregnant as also an affirmative pregnant has reference more particularly to a pleading which must not be ambiguous. An affidavit in an attachment is not strictly a pleading, but is more a matter of evidence and is to be given a fair and reasonable construction in arriving at its meaning. So construed, the affidavit plainly enough states that said contracts have not been secured, nor has either of them, nor has any part thereof been secured. There is in fact no implication or admission that one or more of the contracts is not secured.

In our opinion, the original affidavit was not a nullity; that it was capable of amendment and as amended it was sufficient to justify the writ.

The order is affirmed.

Hart, J., and Burnett, J., concurred.