[S. F. No. 6347.    Department Two.—October 6, 1914.]

## ELMER E. NICHOLS, Respondent, v. J. O. DAVIS, Appellant.

ATTACHMENT—MOTION TO DISMISS—DECISION ON CONFLICTING AFFIDAVITS—REVIEW ON APPEAL.—A decision on a motion to dismiss an attachment, based upon conflicting affidavits, will not be disturbed on appeal.

ID.—AFFIDAVITS IN ATTACHMENT—INTERPRETATION AND EFFECT.—An attachment affidavit in an action on promissory notes which alleges that they were made and payable in the state, and that the payment of the same has not been secured by any mortgage or lien upon real or personal property, or pledge upon personal property, does not show affirmatively that there was any security for the notes in the shape of a lien on personal property.

ID.—AMENDMENT OF AFFIDAVIT—SIGNING BY ATTORNEY.—If the original affidavit in such case, made by the plaintiff, was defective, it was proper to allow the filing of an amendatory affidavit signed by one of his attorneys.

ID.—MOTION TO DISMISS ATTACHMENT—EVIDENCE THAT DEBT IS NOT SECURED.—On a motion to dismiss such attachment, because the debt sued on is secured by assignments of certain contracts, it is unnecessary that the plaintiff should introduce the assignments in the evidence to show that the debt is not thereby secured, when they would thus prove nothing more than what is admitted, and an officer of the assignee corporation makes an affidavit declaring in detail the purposes for which the assignments were made.

ID.—BURDEN OF PROOF ON MOTION TO DISMISS ATTACHMENT—HOW MET OR SHIFTED.—If the mere denial by affidavit on such motion of the truth of the attachment affidavit is to be considered as shifting the burden of proof to the attaching creditor, this burden is met, as to the claim that the debt sued on was secured by assignments of contracts, by an affidavit declaring in detail the purposes for which the assignments were made, which is accepted by the trial court as true.

APPEAL from an order of the Superior Court of Alameda County refusing to dismiss attachments. Wm. S. Wells, Judge.

The facts are stated in the opinion of the court.

J. E. Pemberton, Keyes & Martin, and J. O. Davis, for Appellant.

J. A. Elston, and George Clark, for Respondent.

MELVIN, J.—Defendant appeals from an order denying his motion to dismiss certain attachments.

This appeal presents many of the same questions that were decided by the district court of appeal in *Nichols* v. *Davis,* 23 Cal. App. 68, [137 Pac. 41]. The dispute here is between some of the same parties, the difference being that in the former case Rosina P. Davis was a co-defendant with her husband while in this action he is the sole defendant. Counsel for appellant call our attention to the fact that the notes on which that suit was based were signed only by the defendant and his wife, while those involved in the present action were executed by him jointly with the Keystone Construction Company, which latter circumstance, it is argued, lends additional and convincing weight to appellant's sworn allegations that he signed only as a surety and that the indebtedness ·was secured by assignment to the bank (the real creditor) of certain paving contracts belonging to the ·corporation. The obvious answer to this contention is that in the decision of the motion to dismiss the attachments in that case as in this, the court acted upon conflicting affidavits, and while this case may have some elements in appellant's favor not appearing in the other one, we cannot say that the court erred in accepting the truth of the allegations of the affidavits filed on respondent's behalf. The affidavits with reference to the alleged security are in all essential particulars the same in both cases except that different notes are involved in the two actions. The opinion of the district court of appeal is therefore applicable to both cases.

In this case, as in the other of the same title, the original affidavit of attachment was signed by the plaintiff. Later the court permitted counsel for plaintiff to file an amendatory affidavit signed by one of their number. The original affidavit contained the following language (referring to the promissory notes) : "That such contracts were made and are payable in this state, and that the payments of the same have not been secured by any mortgage or lien upon real or personal property, or any pledge upon personal property." The amended affidavit varies the above phraseology by inserting after the word "same" the words "or of any part of the same." A more specific description of the note was contained in counsel's affidavit than that which appeared in the one signed by plaintiff. Upon the authority of the opinion of the district

court of appeal cited above, we conclude: 1. That the affidavits do not show affirmatively, as appellant asserts they do, that there was any security for the notes in the shape of a lien on personal property; 2. That it was proper to permit the filing of an amendatory affidavit; 3. That the court did not err in allowing the filing of the latter affidavit signed by counsel rather than by plaintiff; 4. That the amendments permitted were not to the substance but merely to the form of the affidavit; and, 5. That the affidavits were sufficiently certain as to the amounts claimed to be due.

The only other point made by appellant is that as he traversed by affidavits the statement contained in the *general* affidavits of plaintiff on attachment, the burden of proof then shifted to plaintiff to show by detailed evidentiary facts that the general conclusions drawn were correct. He asserts that under this rule it was incumbent upon plaintiff to produce the best evidence,—namely, the assignments of the contracts by the Keystone Construction Company, rather than the affidavit of Mr. Naylor containing the conclusion that the said assignments had no relevancy to the notes in suit. It is immaterial here upon whom the burden is cast in a motion to dissolve a writ of attachment. The issue was presented and the court decided it upon the conflicting evidence. Nor was it necessary for respondent to introduce the assignments of the contract. Such assignments would prove nothing more than that which was admitted. The important matter was the relation of these assigned contracts to the notes mentioned in the complaint and in the affidavit of attachment. Mr. Naylor, an officer of the bank, met the averment that there was security for the notes in the shape of assigned contracts by an affidavit declaring in detail the purposes for which the assignments were made. It was for the trial court to weigh this testimony and to determine the facts from it. Assuming, without deciding, therefore, that the burden of proof shifts to the attaching creditor upon a mere denial by affidavit of the truth of the affidavit on attachment, that burden was in this case met by the affidavit of Mr. Naylor, detailing the transaction between the bank and the Keystone Construction Company, which was evidently accepted by the trial court as the truth. Even where the evidence upon such a motion leaves the facts in doubt the court will not interfere. (Note 4 Cyc. 797.)

The opinion of the district court of appeal to which we have referred above is as follows:

"Defendants appeal from the order denying their motion to dismiss certain writs of attachment upon several grounds of which only the following are urged in defendants' opening brief: That the affidavits used at the hearing 'show affirmatively that there was security in the shape of a lien on personal property'; that the affidavit originally filed was so defective as not to admit of amendment under section 558 of the Code of Civil Procedure as amended in 1909 (Stats. 1909, p. 253); that the amended affidavit is fatally uncertain.

"1. Plaintiff is the assignee of certain promissory notes assigned to him by the payee, the First National Bank of Berkeley. The pleadings in the action are not in the record but we infer from what elsewhere appears that the notes in question were signed by both defendants. In his affidavit, defendant, J. O. Davis, deposed that the 'said notes are in equity the obligations of the said Keystone Construction Company and that plaintiff and the said First National Bank of Berkeley at the time of the filing of suit on said notes had full notice of such facts'; that, at the time of the execution of said notes, the said company was engaged in the performance of certain contracts with the city and county of San Francisco, involving a large amount of money—stating the particulars—and that said company, at the request of said bank, assigned to it the said contracts as security for the promissory notes of said company and other of its debts, 'which debts the notes sued upon herein are in equity a part.' How this equity arises is not shown.

"Witness Naylor, vice-president of the bank, testified that the Keystone Construction Company 'was never in any way connected with the transactions of the loaning of the money by said bank to J. O. Davis'; that 'it was never at any time intended by the parties to the said assignments (of the Keystone Company contracts) that the same should be deemed security for the payment of the promissory notes hereinbefore mentioned. That it was at all times understood between the said bank and the said company that the assignments should constitute merely authorities to collect such moneys as might be collected by the said bank from said city and county of San Francisco.' Other statements are made by the deponent further explaining the relation of the parties, all of which

controvert the claim made by defendants that these Keystone Construction Company assignments were intended as security for the notes in suit.

"2. It is contended that the affidavit filed on the issuing of the writs was 'a worthless affidavit, one which was in legal effect only blank paper,' and would not, under section 558 of the Code of Civil Procedure, justify the filing of a new affidavit by another affiant in such a case as this. (Citing *O'Connell* v. *Walker*, 12 Cal. App. 694, [108 Pac. 668].) In that case the objection arose out of the statement as to security which was in the alternative. The indebtedness sued upon accrued and the action was commenced, as we understood the case, before the amendment of section 558 in 1909 and, besides, the question of the right to amend did not arise in the case.

"The only cases we have found decided on appeal referring to the amendment of the statute are *Jensen* v. *Dorr*, 157 Cal. 437, 441, [108 Pac. 320], and *Fairbanks, Morse & Company* v. *Getchell*, 13 Cal. App. 458, [110 Pac. 331]. In the latter case the notary who executed the *jurat* resided in and was commissioned as a notary of Kern County. The affiant was in the city of Los Angeles and the notary called him up over the telephone and took his statement and admitted the oath while the affiant was in Los Angeles. The court, for reasons given, said: 'Inasmuch, however, as the act of Kaye (the notary) in administering the oath was a nullity and the purported affidavit void, it follows that there was nothing to amend. The authorized amendment of the affiant contemplates the existence of an affidavit. There could be no irregularity in that which had no existence.' Upon the point that in the present case the amended affidavit was improperly made by the plaintiff's attorney, the case cited shows that an affidavit may be made by or on behalf of the plaintiff. (Code Civ. Proc., sec. 538.) We see no reason why an amended affidavit also may not be made on behalf of the plaintiff. Said section 558 reads as follows: 'If upon such application, it satisfactorily appears that the writ of attachment was improperly or irregularly issued it must be discharged; provided that such attachment shall not be discharged if at or before the hearing of such application, the writ of attachment, or the affidavit, or undertaking upon which such attachment was based shall be amended and made to conform to the provisions of this chapter.' In construing this section in the case

cited, Mr. Justice Shaw, speaking for the court, said: 'Under this proviso the attaching party may by amendment supply that which, by reason of inadvertence or oversight, was omitted from the affidavit, but the provision cannot be construed as authorizing the filing of an affidavit in support of a writ theretofore issued in the  absence of that which constitutes the substance of the act required as a prerequisite to the issuance thereof.'  In that case, there was in effect no affidavit at all, hence there was nothing to amend and the statute gives authority only to amend what was in existence. That was as far as the case called for decision.  We can conceive of an affidavit not absolutely void yet lacking in some substantive  particular but  showing an  honest  attempt to follow the statute.  It is not always easy to distinguish between matter of form merely and substance in dealing with statutory remedies and with statements required in affidavits. We should hesitate to differ from our learned brother and it may be that his construction of the statute is a safe and sound one.  In the case in hand, however, such construction may be accepted and the order appealed from, in our opinion, upheld.

"The original affidavit read: 'That said attachment is not sought, and the said action is not prosecuted to hinder, delay or defraud any creditor or creditors of the said defendant.' In its amended form it reads the same down to the word 'defendant' which is put in the plural, 'defendants,' and the words, 'or of either of them,' added.  This, we think, was allowable.  The first affidavit read: 'Elmer E. Nichols being duly sworn says: that he is the plaintiff in the above entitled action; that said defendants in the said action are indebted to him in the sum of ten thousand ($10,000) dollars gold coin of the United States over and above all legal setoffs and counterclaims upon seven express contracts for the direct payment of money' with interest at seven per cent, and payable in this state and that payment of the same has not been secured, etc.  In the amended affidavit these several seven promissory notes are described and it is stated: 'For a more particular description reference is made to the verified complaint on file herein which is referred to and made part of this affidavit'; and, 'that such contracts were made and are payable in this state and that the payment of the same and each of them and each part of them has not been secured,'

etc.; that 'the plaintiff is absent from Alameda County, California (where the action was being tried), and will not return for four days. Affiant makes this affidavit for and at the direction of plaintiff and affiant is familiar with the facts.' This amended affidavit extends and elaborates and particularizes what was attempted but was perhaps imperfectly stated in the original affidavit. There was not in that affidavit an entire 'absence of that which constitutes the substance of the act required as a prerequisite to the issuance' of the writ.

"3. We do not think the criticism is well founded that 'from aught that appeared from the affidavit the payment of some of the promissory notes had been secured.' It is urged that the phraseology with reference to the security is the 'negative pregnant found anywhere in the books.' Among the facts to be stated in the affidavit the statute reads: 'and that such contract was made payable in this state and that payment of the same has not been secured by any mortgage,' etc. The language used in the affidavit is—'that payment of the same (the contracts just previously mentioned) and of each of them and of each part of them has not been secured,' etc. Where there is a single contract or promissory note it would be sufficient to allege in the language of the statute 'that the payment of the same has not been secured,' etc., without adding 'nor has any part thereof been secured.'

"It seems to us that where several contracts are the subject of the action it would be a sufficient compliance with the statute to allege 'that such contracts were payable in this state, and that the payment of the same has not been secured by any mortgage,' etc. Here the affiant has gone further and alleged 'that each of them and each part of them has not been secured,' etc. The rule with regard to a negative pregnant as also an affirmative pregnant has reference more particularly to a pleading which must not be ambiguous. An affidavit in an attachment is not strictly a pleading but is more a matter of evidence and is to be given a fair and reasonable construction in arriving at its meaning. So construed the affidavit plainly enough states that said contracts have not been secured nor has either of them nor has any part thereof been secured. There is in fact no implication or admission that one or more of the contracts is not secured.

"In our opinion the original affidavit was not a nullity;

that it was capable of amendment and as amended it was sufficient to justify the writ.''

The order from which the appeal is taken is affirmed.

Henshaw, J., and Lorigan, J., concurred.