[Civ. No. 1531.   First Appellate District.—August 28, 1915.]

## DAVID HAMBURGER et al., Appellants, v. SAMUEL HALPERM, Respondent.

ATTACHMENT—MOTION TO DISSOLVE—DEFECTIVE AFFIDAVIT—AMENDMENT.—It is error to dissolve an attachment upon the ground that the affidavit therefor omitted to state that the defendant was a nonresident of the state, where the court before granting the motion had permitted the affidavit, pursuant to section 558 of the Code of Civil Procedure, to be amended to cure the defect.

ID.—ACTION FOR BREACH OF CONTRACT—ATTACHMENT.—An action to recover, in the form of damages for breach of contract, certain commissions, at a specified percentage, which the plaintiff would have earned had the contract not been broken by the defendant, is not an action *ex delicto,* but one arising out of contract and in which an attachment may issue.

APPEAL from an order of the Superior Court of the City and County of San Francisco dissolving an attachment. George E. Crothers, Judge.

The facts are stated in the opinion of the court.

Vogelsang & Brown, for Appellants.

Henry A. Jacobs, for Respondent.

RICHARDS, J.—This is an appeal from an order dissolving an attachment. The complaint alleged that the defendant on March 1, 1913, had engaged plaintiffs as exclusive selling agents for his goods in California and several other states, agreeing that the plaintiffs should be entitled to seven and one-half per cent commission on all sales, however made, in New York or in the specified states, and that the contract of employment should remain in force for one year. The breach complained of was the alleged termination without cause of the plaintiffs' agency in the month of August of that year, by which the plaintiffs were damaged in the loss of estimated commissions in the sum of one thousand eight hundred and ninety dollars. Upon filing this complaint the plaintiffs presented their affidavit and undertaking on attachment, and a writ was issued and executed upon property

of the defendant in this state. Thereafter the defendant gave notice of a motion to dissolve this attachment upon the ground, among others, that the plaintiffs' affidavit for attachment omitted to state that the defendant was a nonresident of the state of California. The plaintiffs responded with a countermotion for leave to amend their affidavit in this respect. The court granted the plaintiffs' motion, and they thereupon filed an amended affidavit, expressly averring the nonresidence of the defendant, and in all other respects complying with section 538 of the Code of Civil Procedure. Thereafter the defendant's motion to dissolve the attachment was submitted to the court for decision, and the court made its order granting said motion.

We think the court was in error in granting the defendant's motion to dissolve this attachment upon the ground of the defect in the affidavit upon which it was issued. It is true that the original affidavit was defective in failing to expressly state that the defendant was a nonresident of this state, but we are of the opinion that this omission was remediable by an amendment in view of the provisions of section 558 of the Code of Civil Procedure as the same was amended in 1909. (*Fairbanks* v. *Getchell*, 13 Cal. App. 458, [110 Pac. 331]; *Nichols* v. *Davis*, 23 Cal. App. 67, [137 Pac. 41]; *Kerns* v. *McAulay*, 8 Idaho, 558, [69 Pac. 539].) The cases cited by the respondent stating a narrower rule regarding the fatality of defective affidavits for attachment, arose and were decided prior to the said amendment of section 558 of the code. It follows that the order of the trial court in permitting such amendment was a proper order. If so, it necessarily follows that the subsequent order of the court dissolving the attachment was erroneous in so far as the same was based upon the original defect in the plaintiffs' affidavit.

The respondent, however, contends that the order of the court is sustainable upon the ground that the plaintiffs' action is in the nature of an action *ex delicto*, sounding in unliquidated damages, and hence is not an action in which a writ of attachment can issue. We see no merit in this contention. The action is one arising out of contract, and is to recover, in the form of damages for its breach, the commissions, at a specified percentage, which the plaintiffs would have earned had the contract not been broken. The case is not distinguishable from the case of *Lowenberg* v. *Jacobson*, 25 Cal.

App. 790, [145 Pac. 734], involving a similar contract and action, and in which the authorities cited by the respondent herein are reviewed.

Finally, the respondent contends that there is a material variance between the plaintiffs' complaint and the affidavit which should invalidate the latter, but this objection we also deem to be without substantial merit.

The order is reversed.

Lennon, P. J., and Kerrigan, J., concurred.