[Civ. No. 8645.  First Appellate District, Division Two.—November 3, 1932.]

JENNIE ROSENBERG, Appellant, v. KATE A. BULLARD, Respondent.

Goldman & Lieberman for Appellant.

Guy Knupp and William Ellis Lady for Respondent.

GRAY, J., *pro tem.*—Two writs of attachment, one for a demand of $27,850 and the other for a demand of $110,690, were respectively directed to and levied by the sheriffs of Los Angeles and Tulare Counties. Thereafter, a personal judgment for $65,350 was rendered against respondent, a resident of the state of Iowa, upon her default, after constructive service of summons. Heretofore respondent, unsuccessfully, attempted, by *certiorari*, to have reviewed an order denying her motion to quash service of summons and, by prohibition, to prevent further proceedings. (*Bullard* v. *Superior Court*, 106 Cal. App. 513 [288 Pac. 629].) Subsequently, respondent moved to quash the writs and to vacate the judgment upon the grounds that the issuance of the writs was unauthorized by section 537 of the Code of Civil Procedure and that, without the levy of a valid writ, no jurisdiction was acquired to render a personal judgment against a nonresident. This appeal is taken from the order, granting both parts of the motion. Since, if the writs were issued without statutory authority, the judgment was properly vacated (*Merchants' Nat. Union* v. *Buisseret,*

15 Cal. App. 444 [115 Pac. 58]), it is only necessary to decide whether their issuance was authorized.

The record, as certified by the trial judge, consists of the judgment-roll, appellant's "affidavit for attachment against resident", two statements of her attorneys, one filed before the issuance of each writ, the two writs of attachment with the sheriff's returns, respondent's notice of motion to quash writs and vacate judgment, the affidavit of respondent's son in support of the motion, two "amended affidavits for attachment against non-resident" of appellant, filed on day of hearing and the order granting the motion.　Respondent's preliminary objection to consideration of the amended affidavits, because their filing marks do not show their filing prior to the hearing is untenable in view of the trial judge's certificate that they form part of the record used in the proceedings.

Appellant's first affidavit stated that respondent was indebted to her in the sum of $27,850 upon an implied contract for the direct payment of money, to wit: For moneys had and received by respondent for the use and benefit of appellant and that such contract was made or is payable in this state. Both statements recited that appellant had commenced this action upon a contract for the direct payment of money, claiming in the first statement that there was due $27,850 and in the second $110,690. Clearly, appellant sought the writs under the authority of subdivision 1 of said section 537 of the Code of Civil Procedure, upon the claim that the action was in contract. In his affidavit, respondent's son said that he, as his mother's agent, handled all her business in this state, including that with appellant; that the only business between the parties consisted of an exchange of properties, a loan to appellant and a foreclosure of a mortgage, securing such loan; that respondent never received any money for appellant's use and benefit; that the sixth cause of action in the complaint was a different way of pleading the fifth cause of action, but that any claim appellant has against respondent is for damages by reason of an alleged tort, as set forth in the fifth count. This affidavit squarely raised an issue as to the nature of the action, whether in contract or in tort.

In an obvious attempt to justify the writs under subdivision 3 of said section, both amended affidavits of appel-

lant stated that respondent was indebted to her in the sum of $65,350 (the amount of the judgment) ; that respondent does not reside in this state and cannot, after due diligence be found within this state; and that this action is to recover a sum of money as damages arising from injury to property in this state in consequence of fraud and/or other wrongful acts of respondent. One affidavit further stated that respondent was indebted upon an implied contract for the direct payment of money, to wit: For moneys had and received for the use and benefit of appellant. The common part of these affidavits is a clear abandonment of the first claim that the action is in contract and a substitution therefor of a claim that the action is in tort.

The verified complaint, which may be treated as an affidavit, in ascertaining the real nature of the action (*San Francisco Iron etc. Co.* v. *Abraham*, 211 Cal. 552 [296 Pac. 82]), is unnecessarily divided into six counts. The first alleges that respondent, by use of an affidavit of personal service of summons upon appellant, known by her to be false, and, without appellant's knowledge, obtained, in the Superior Court of Tulare County, by default, a decree foreclosing a mortgage for $8,965.25; that, under that decree, the mortgaged property was sold to respondent for an amount which left a deficiency of $4,157.64; that a writ of execution, for such deficiency, directed to the sheriff of Los Angeles County, was levied by him upon two parcels of land owned by appellant; that the sheriff sold to respondent one parcel for $2,000 and the other for $500 and returned the writ unsatisfied in the sum of $1500; and that respondent recorded an abstract of judgment, showing the first deficiency, in Los Angeles County. Each of the next five counts re-alleges the allegations of the first count. The second count further avers damages, because of the sheriff's sale of the second parcel in the sums of $20,000 (its value), $10,000 additional actual damages (the basis for which is not stated) and $5,000 punitive damages (no facts to warrant alleged). The third count, without allegations to support the same, claims damages, by reason of the sheriff's sale of the first parcel, in the sum of $10,000, plus $5,000 additional actual damages, plus $5,000 punitive damages. The fourth count, likewise without allegation of fact to support such claims, alleges damages of $10,000, by virtue

of the wrongful decree, $5,000 for legal expenses in the fore-closure action, $15,000 additional actual damages and $15,000 punitive. Additionally, the fifth cause of action alleges that appellant was induced to exchange her property, located in Los Angeles County for that of respondent, situated in Tulare County, by the latter's false representation that her Tulare property was worth $30,000, whereas its real value was $3,500, thereby damaging appellant in the sum of $26,500; that respondent breached her agreement to install on the Tulare property, a pipe-line of the reasonable value of $1350, thereby damaging appellant in the sum of $1350. The only new matter in the sixth cause is a common count for money had and received in the sum of $27,850 based upon a written agreement claimed to have been alleged in the fifth count.

The first cause of action sounds in tort, not in contract, for its gist is plainly the procurement of a judgment by extrinsic fraud in the use of a false affidavit of service. The next three counts, by re-alleging all of the first count and adding only items of damages flowing from the original wrong, pleads the same cause of action. The fifth count, by way of re-allegations, again sets forth the same tort, but adds thereto a cause of action in tort for fraudulent representations and a cause of action in contract for the breach of an agreement. The sixth count, also, reiterates the original tort and adds the common count which it alleges is based upon the written contract pleaded in the fifth count. But no such contract is pleaded in the preceding cause. The only contract there pleaded is an agreement to install a pipe-line worth $1350. The claim in the son's affidavit that the sixth cause is but another way of pleading the fifth and that the real nature of the action is in tort appears to be correct, especially in view of appellant's failure to deny such claim. (*Sparks* v. *Bell,* 137 Cal. 415 [70 Pac. 281].) This conclusion is further fortified by the addition, in appellant's amended affidavits, of a new ground in tort for attachment and, by the failure to rely upon the breach of agreement as to the pipe-line. Appellant, by waiving the tort and suing upon an implied contract, cannot, for the purpose of procuring an attachment, convert the nature of the action from tort to contract. (*San Francisco Iron etc. Co.* v. *Abraham, supra.*) Her amended affidavits state defectively a valid ground for attachment

under subdivision 3 of said section 537 of the Code of Civil Procedure which the facts pleaded in the complaint would authorize. (*Ponsonby* v. *Suburban Fruit Lands Co.*, 210 Cal. 229 [291 Pac. 167].)

Inquiry will next be made as to whether appellant's last affidavits, adding a new ground for attachment and increasing the amount of the debt claimed, are amendments, authorized by section 558 of the Code of Civil Procedure. This question seems not to have been expressly decided in this state, although "the preponderance of authority supports the view that a new ground for attachment may be substituted or added by way of amendment". (6 C. J. 158.) An affidavit, which is a nullity, because of illegal administration of the oath, cannot be amended. (*Fairbanks, Morse & Co.* v. *Getchell*, 13 Cal. App. 458 [110 Pac. 331].) A bond, signed only by plaintiffs, as sureties, is void and cannot be amended. (*Alexander* v. *Superior Court*, 91 Cal. App. 312 [266 Pac. 993].) An affidavit, in an action against two defendants, which recited that the attachment was not sought and the action was not prosecuted to hinder, delay or defraud any creditor or creditors of the "said defendant", may be amended by changing "defendant" to "defendants" and by adding the phrase "or of either of them" (*Nichols* v. *Davis*, 23 Cal. App. 67 [137 Pac. 41], approved in *Nichols* v. *Davis*, 168 Cal. 570 [143 Pac. 758]; *Peterson* v. *Beggs*, 26 Cal. App. 760 [148 Pac. 541]). It is error to dissolve an attachment upon the ground that the affidavit omitted to state that the defendant was a nonresident, where, with the court's permission, an amended affidavit supplying such omission, had been filed (*Hamburger* v. *Halpern*, 28 Cal. App. 317 [152 Pac. 61]). A writ of attachment may be amended by decreasing the demand so as to conform to the amount of the debt claimed in the affidavit. (*Tyson* v. *Reinecke*, 25 Cal. App. 696 [145 Pac. 153].) The affidavit of justification of the sureties, attached to undertaking, may be amended to supply an omission to state whether they were freeholders or householders. (*Bone* v. *Trafton*, 31 Cal. App. 30 [159 Pac. 819].) An affidavit, which recited that the debt was due upon an express contract for direct payment of money, to wit: For a balance due on a note and deed of trust, may be amended to show that the deed of trust had become valueless. (*Corum* v. *Superior Court*, 114 Cal. App. 741 [300 Pac. 837].) In

*Anaheim Nat. Bank* v. *Kramer,* 120 Cal. App. 63 [7 Pac. (2d) 765], a failure to negative the existence of any security, other than a mortgage, alleged to have become valueless, was held to be a defect remediable by amendment. Not only have faulty or defective allegations been cured, but entire omissions of essential allegations have supplied by amendment. An affidavit is amendable to the same extent as a complaint. (*A. W. Busby & Sons* v. *Elliott,* 22 Ga. App. 391 [95 S. E. 1014]; see, also, *Republic Truck Sales Co.* v. *Peak,* 194 Cal. 492, 507 [229 Pac. 331].) A change of the complaint, by amendment, from one form of action to another, is not a change in the cause of action, if based upon the same transaction and is permissible. (*Rosemead Co.* v. *Shipley Co.,* 207 Cal. 414 [278 Pac. 1038]; *Big Boy Drilling Corp.* v. *Rankin,* 213 Cal. 646 [3 Pac. (2d) 13].) The addition of a new ground for attachment was proper because it was based upon the same transaction as supported the former ground.

■ Since the writ directed to the sheriff of Tulare County was for a sum in excess of the debt claimed in either the original or the amended affidavits it was properly dissolved. (*Finch* v. *McVean,* 6 Cal. App. 272 [91 Pac. 1019].) ■ Both writs were also properly vacated because both amended affidavits were fatally defective in alleging different grounds of attachment in the disjunctive or alternative. (3 Cal. Jur. 436; 6 C. J. 136; 2 R. C. L. 833.) Subdivision 3 of section 537 of the Code of Civil Procedure authorizes a writ in an action against a nonresident to recover damages for injury to property caused either by (1) negligence or (2) fraud or (3) other wrongful act. Each of these three causes of injury is a separate ground. The amended affidavits state that the injury is "in consequence of fraud and/or other wrongful act". Obviously this is uncertain and ambiguous as to whether the injury is due to either or both causes.

The order is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 29, 1932.