[Civ. No. 18709.   First Dist., Div. One.   Feb. 1, 1960.]

PAUL THIEME, Appellant, v. COMMERCIAL LIGHTING AND MAINTENANCE COMPANY (a Corporation) et al., Respondents.

H. W. Glensor and Hilary H. Crawford for Appellant.

Lester L. Brown for Respondents.

TOBRINER, J.—This appeal involves a contention of appellant that the trial court's release of attachments in excess of an amount which amply secured appellant's judgment cannot stand because appellant received no written prior notice of respondents' motion for such release. Appellant raises this argument although he was present in court when respondent made his oral motion to that effect and when the court quite properly granted it. There is nothing of merit in this appeal whatsoever.

Prior to trial appellant, seeking to collect $4,835, garnished the following property of respondents: $5,319 deposited in First Western Bank; $279.38 deposited in Pacific National Bank; and $1,193.68 owed by F. K. Pinney and Company. Subsequently the court ordered a judgment for appellant and directed his attorneys to prepare findings of fact and conclusions of law. Counsel for both parties appeared at an informal hearing to determine these findings and conclusions. After ordering some amendments to them the judge signed a judgment for appellant in the sum of $4,010. According to appellant, thereupon respondents "orally and without any previous notice to the plaintiff, and without service of any papers whatever upon the plaintiff or his attorneys" moved for an order releasing "all attachments" except $4,200 in the First Western Bank. Over appellant's objection the trial judge released all funds "under attachment" except $4,500 in the First Western Bank.

We hardly need emphasize that an attachment which lays hold of more property than necessary to secure payment of a judgment may be discharged. (See Code Civ. Proc., §§ 540, 556, 558.) Thus in *Finch* v. *McVean* (1907), 6 Cal. App. 272 [91 P. 1019], pursuant to this section 540, the court held that "an attachment [cannot] be sustained which requires the taking of more of a defendant's property than is requisite to secure the indebtedness stated in the affidavit" and affirmed an order dissolving an attachment. (P. 275.) To the same effect: *Rosenberg* v. *Bullard* (1932), 127 Cal.App. 315, 316 [15 P.2d 870].

While ordinarily a notice of motion must be in writing (Code Civ. Proc., § 1010), the rule is not inexorable (see Code Civ. Proc., § 1005) and to require it here would be to effectuate an absurdity. Both counsel were before the court when respondent asked relief from excessive attachments. The settled statement does not allege that appellant interposed any specific objections to the motion upon the ground that he had not received prior written notice of its presentation. The prevailing party in the person of appellant retained more than sufficient protection for his judgment. Appellant had a complete opportunity to voice any valid objection. To uphold appellant's present plea that he was entitled to prior written notice would be to retreat into a useless formality long since discarded in the law.

We affirm the judgment.

Bray, P. J., and Duniway, J., concurred.