[S. F. No. 2976.   Department One.—October 3, 1902.]

## JOHN SPARKS et al., Respondents, v. CHARLES BELL et al., Appellants.

ATTACHMENT—MOTION TO DISCHARGE WRIT PRIOR TO LEVY.—Under section 556 of the Code of Civil Procedure, a motion may be made to discharge a writ of attachment, on the ground that it was improperly or irregularly issued, before the attachment is levied.

ID.—PLEADING—MISNOMER OF DEFENDANTS IN COMPLAINT—AFFIDAVITS OF DEFENDANTS NOT DENIED—ADMISSION.—Where the affidavits of defendants allege the true names of defendants who were misnamed in the complaint, and that they are each defendants in said action, and such affidavits are not denied by the plaintiff, they are to be deemed admitted as true.

ID.—ALLEGED NON-RESIDENCE OF DEFENDANTS—CONTRADICTION OF AFFIDAVIT FOR WRIT—DISCHARGE AS TO RESIDENTS OF STATE.—Where the affidavit for the writ alleged that the defendants were all non-residents of the state, it is not conclusive, and resident defendants may contradict the affidavit by evidence of their residence in the state, for the purpose of showing that the affidavit is insufficient as to them, and that the writ was improperly issued, and should be discharged as to them.

[1] 89 Am. Dec. 205.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to discharge an attachment.   Thomas F. Graham, Judge.

The facts are stated in the opinion.

Deal, Tauszky & Wells, for Appellants.

Bigelow & Dorsey, and R. M. F. Soto, for Respondents.

CHIPMAN, C.—Motion to discharge writ of attachment. Defendants appeal from the order denying their motion. The complaint contains two counts: 1. Alleging that within two months before the commencement of the action plaintiffs sold and delivered to defendants certain mineral ores of the value of $25,000; and 2. That within the same time defendants received and had, to and for the use of plaintiffs, $25,000. The complaint was verified by one of plaintiffs' attorneys, Mr. Soto, who also made affidavit that "the above-named defendants are all non-residents" of this state; averred the indebtedness "upon a contract for the direct payment of money," and upon this affidavit and a bond a writ of attachment was issued.   In the complaint and attachment papers the defendants were named as Charles Bell, W. A. Fleet, Thomas Dougherty, Thomas Ford, John Doe, and Richard Roe, the last two being fictitious names.   Thomas S. Ford made and filed his affidavit in support of the motion, stating "that he is the same person designated in the complaint in said action as Thomas Ford"; affiant further states that W. A. Sleep is one of the defendants in said action, and "that said defendant has been erroneously designated therein as W. A. Fleet." Affidavits were also filed by Charles B. Bell and Thomas Dougherty, stating that affiants are defendants in said action, and "that said Charles B. Bell is the same person designated in the complaint in said action as Charles Bell, and that W. A. Sleep is one of the defendants in said action, and that said defendant has been erroneously designated therein as W. A. Fleet, and that Thomas S. Ford is the same person designated in the complaint in said action as Thomas Ford.   Affiants further averred in these affidavits "that defendants Thomas S. Ford and W. A. Sleep reside, and for more than twenty years last past have resided, in Nevada County, state of

California; that said Thomas S. Ford has been district attorney of said Nevada County, state of California, and that said defendant Thomas S. Ford and the defendant W. A. Sleep are, and were at the time of the commencement of this action and long prior thereto, attorneys at law, practicing their profession in Nevada County, state of California, and that said defendants were, at the time of the commencement of this action, known to J. W. Dorsey, one of the attorneys for the plaintiffs herein.'' Affiants deny that defendants are, or that either of them is, indebted to plaintiffs in any sum whatever on contract, as alleged in the complaint, or otherwise or at all; also, specifically deny each allegation of the complaint; aver that affiants were in the city and county of San Francisco from the commencement of the action, July 25, 1901, until July 31, 1901, but summons was not served upon any of defendants herein, and aver, on information, that said attorney Dorsey knew affiants were in said city during said time; aver that the action was not brought in good faith by plaintiffs or either of them, but was brought and said writ of attachment was caused to be issued by plaintiffs for the purpose of hindering or harassing defendants. The notice of motion stated that Charles B. Bell (sued as Charles Bell), W. A. Sleep (sued as W. A. Fleet), Thomas Dougherty, and Thomas S. Ford (sued as Thomas Ford), ''appearing specially for the purpose of this motion, and not otherwise, will . . . move . . . for an order vacating . . . the writ of attachment . . . on the grounds'' that the writ was improperly and irregularly issued; ''that the affidavit of R. M. F. Soto, upon which said writ of attachment was issued, is untrue,'' in stating that all the defendants are non-residents, etc., whereas the said Ford and Sleep are, and have been, residents of this state for more than twenty years, giving residence; also, that said affiant states that defendants are indebted to plaintiffs, etc., whereas none of defendants are so indebted, or indebted at all, to plaintiffs upon contract or otherwise. Plaintiffs filed no counter-affidavits. The affidavits did not state that either the writ or the summons had been served, or that defendants had property subject to attachment. By not denying Soto's affidavit in that regard it is admitted that defendants Bell and Dougherty are non-residents.

CXXXVII. Cal.—27

Respondents contend that there is no authority for the motion, because appellants were not defendants but strangers to the case; that section 556 of the Code of Civil Procedure is intended for the benefit of a defendant whose property has been attached and no one else is aggrieved; that no one can be a defendant unless he is a party to the action, and, even though named as a party in the complaint, he is not in law a party until he has either been brought in by legal process or has voluntarily submitted himself to the jurisdiction of the court; that no summons having been served, and the names of appellants being different from those mentioned as defendants in the title of the action, it cannot be legally assumed that they are the persons intended to be sued, or that by Charles Bell is meant Charles B. Bell, by W. A. Fleet is meant W. A. Sleep, or by Thomas Ford is meant Thomas S. Ford. Finally, it is urged that, as the defendants are non-residents, the proceeding is *in rem,* and jurisdiction depends upon the levy of the attachment, without which there can be no binding judgment, and that "if any interloper, specially appearing, may thus attack the writ of attachment the court may be robbed of its jurisdiction."

Section 556 of the Code of Civil Procedure provides that "The defendant may also at any time, either before or after the release of the attached property, *or before any attachment shall have been actually levied, apply on motion,* . . . that the writ of attachment be discharged on the ground that it was improperly or irregularly issued." Section 557 of the Code of Civil Procedure provides: "If the motion be made upon affidavits on the part of the defendant, but not otherwise, the plaintiff may oppose the same by affidavits or other evidence, in addition to those on which the attachment was made"; and section 558 of the Code of Civil Procedure declares that the writ must be discharged if it satisfactorily appears upon such application that it was improperly or irregularly issued. Respondent is in error in assuming that the motion cannot be made until after the writ is levied. Nor do we think appellants were intruders or strangers to the action. It appears clearly by the affidavits that appellants are the parties defendant, sued as such in the action, and none know better than plaintiffs whether this is true or not. By not denying the averments of appellants' affidavits plaintiffs admit that they are true,

and we must so treat them. Where the attachment has improperly issued,—that is to say, in a case, as here, not provided by the statute,—the evidence must usually be sought *dehors* the papers upon which it is evidently founded. (*Kohler* v. *Agassiz,* 99 Cal. 9; Shinn on Attachments, sec. 353.) An averment in the affidavit, respecting the residence of defendant is not conclusive, but the *fact* may be inquired into. (Shinn on Attachments, sec. 148.) The affidavit of Soto is sufficient to entitle the writ to issue in the case of a non-resident defendant, but is insufficient in the case of a resident defendant, as it fails to state the requirements of subdivision 1 of section 538 of the Code of Civil Procedure, that the payment of the claim "has not been secured," etc. (See *Kohler* v. *Agassiz,* 99 Cal. 9.) As to defendants Ford and Sleep the writ clearly was unauthorized.

In *Kennedy* v. *California Savings Bank,* 97 Cal. 93,[1] the defendants were jointly sued for an amount of which defendant Havermale was only liable for one fifth. The writ commanded the sheriff to attach (as the writ here does) all the property of the defendants to satisfy the full amount claimed. Havermale alone moved to dissolve the attachment. The court said: "Section 556 of the Code of Civil Procedure provides that the motion to discharge an attachment irregularly issued may be made before any actual levy under the writ, and section 558 of the same code further declares: 'If upon such application it satisfactorily appears that the writ of attachment was improperly or irregularly issued, it must be discharged.' Under these sections it is immaterial whether much or little, or any, property of a defendant has been actually levied upon, but the court must, upon proper application therefor, discharge the writ of attachment thus wrongfully issued." The order discharging the writ was affirmed. So here the writ was irregularly issued as to Ford and Sleep as in the case cited it was irregularly issued as to Havermale, and must be discharged.

It is advised that the order be reversed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order is reversed.         Garoutte, J., Van Dyke, J., Harrison, J.

_____
[1] 33 Am. St. Rep. 163.