[Civ. No. 4598. First Appellate District, Division One.—July 31, 1923.]

INVESTMENT REGISTRY OF AMERICA, INC., Appellant, v. GEORGE G. MOORE, Respondent.

[1] ATTACHMENT—RESIDENCE OF DEFENDANT—CONFLICTING AFFIDAVITS —CONCLUSION OF TRIAL COURT — APPEAL.—Notwithstanding the apparent conflict in the defendant's two affidavits, the one made in the action in this state and the other made a few days previously in an action in another state, when accompanied by the latter's oral testimony as to the circumstances under which the affidavit in the other state was made and as to the facts in detail regarding his residence in this state, such affidavits created merely a conflict in the evidence which it was the province of the trial court to consider and decide, and the trial court having, upon such conflict, decided that the residence of the defendant was in this state at the date of the issuance of the attachment, that conclusion will not be disturbed on appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco dissolving an attachment. George H. Cabaniss, Judge. Affirmed.

The facts are stated in the opinion of the court.

Knight, Boland, Hutchinson & Christin for Appellant.

Archibald M. Johnson, A. A. De Ligne and R. P. Henshall for Respondent.

RICHARDS, J.—Plaintiff commenced an action against defendant on May 12, 1922, in the superior court of the city

and county of San Francisco, and contemporaneously filed an affidavit and undertaking for attachment. Shortly thereafter defendant gave notice of motion to dissolve the attachment on the ground that said attachment was wrongfully and irregularly issued, in that the defendant was at the commencement of the action, "ever since has been and now is a resident" of the state of California, and not a nonresident, as alleged in the affidavit in support of said attachment, and that the contract referred to in plaintiff's affidavit and upon which said action was brought was not an express contract for the direct payment of money payable in the state of California. Upon the hearing of this motion the court ordered that the application to dissolve the attachment be granted. From this order plaintiff appeals.

From the affidavit for attachment in the instant case it appears that the basis for said attachment is that the defendant is indebted to plaintiff "upon an express contract for the direct payment of money . . . and that such contract is payable in this state." Also that the defendant is a nonresident of the state of California. As to the question of whether or not the contract was payable in this state there seems to be no dispute. Defendant in his affidavit stated that "this action is founded upon the same matters and things which are the subject of an action now pending between the parties hereto in the supreme court of the state of New York." [1] This is conceded by plaintiff, and the only question, therefore, is as to whether or not defendant is, as charged by plaintiff, not a resident of the state of California.

The facts are these: George G. Moore, the defendant herein, was also engaged in litigation in New York County, New York. In that case a warrant of attachment was granted January 29, 1919. Under date of May 8, 1922, said George G. Moore made an affidavit in support of a motion to vacate said warrant of attachment, which reads in part as follows:

"I disposed of my holdings in Detroit and moved to New York City, where I have continuously resided since that time, continuously maintaining an office at 52 Vanderbilt Avenue, for the personal transaction of business; that shortly after coming to New York, I purchased a house at 44 East 53rd Street, and entirely rebuilt it and invested therein over $94,000. It was my intention to make New

York City my permanent home. In pursuance of that intention which I still have, I am still an actual resident of the City of New York; that I now reside at the Hotel St. Regis in the City of New York. When I came from Detroit in 1915 I severed my connection there and have never since been a resident of that state."

The affidavit of defendant in the instant case, made just fourteen days later, reads in part as follows:

"That this action is brought by the Investment Registry of America, a corporation organized under the laws of Pennsylvania, against this defendant, a resident of the State of California."

This apparent variation, if taken alone, would show conclusively that either one or the other of said affidavits was erroneous. The filing of the affidavit by counsel for plaintiff stating that defendant was a nonresident of California did not establish that fact conclusively and it became the duty of the court below to determine the residence of the defendant upon hearing of the motion to dissolve the attachment. (*Sparks* v. *Bell*, 137 Cal. 415 [70 Pac. 281].) This was done. The defendant was examined as a witness for plaintiff, as a witness in his own behalf, cross-examined by counsel for plaintiff, and interrogated by the court. In explanation of the evident discrepancy in the statements contained in the two affidavits the defendant testified that the statement of residence in the New York affidavit was as to the date wholly unintentional; that the affidavit was directed to the only issue before the New York court, his residence in 1919, and that when attention of his counsel was called to the statement about continuously residing in New York, and "I asked him then if he did not know I was living in California. He said, 'The only thing that matters is where you lived in 1919.' He said, 'You are doing business here, as far as anything matters in this affidavit, the question is where was your residence in 1919?'" This testimony was supplemented by the statement of defendant that upon his marriage, he abandoned his New York residence and left on an extended trip to China, and upon his return to the United States took up his permanent residence in California on or about January 2, 1922. He stayed with friends in San Francisco for a time, later leased a place in the same city and then moved to San Mateo, at which place he still lives.

An examination of the record would indicate that there was but one issue before the court, the residence of defendant at the date of the issuance of said writ of attachment. If at said time the defendant was a resident of this state, and if the obligation sued upon was one which was not made or payable in this state, then it follows necessarily that said writ of attachment was wrongly issued and should be dissolved. At the conclusion of the hearing it was conceded that the obligation was not made or payable in California, and the court below determined that defendant was a resident of California at the time of the institution of said action and thereupon made and entered an order granting the motion to dissolve the attachment. We are satisfied that, notwithstanding the apparent conflict in the defendant's two affidavits, they created, when accompanied by the latter's oral testimony as to the circumstances under which the New York affidavit was made, and as to the facts in detail regarding his residence in California, a conflict in evidence which it was the province of the trial court to consider and decide, and having, upon such conflict, decided that the residence of the defendant was the state of California at the date of the issuance of said writ of attachment, we will not disturb its conclusion in that regard.

The order is affirmed.

Tyler, P. J., and St. Sure, J., concurred.

A petition by appellant for a rehearing of this cause was denied by the district court of appeal on August 30, 1923, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 27, 1923.

Lawlor, J., did not participate.