[Civ. No. 2387. Fourth Dist. Nov. 25, 1942.]

Z. ASAMEN, Respondent, v. J. L. THOMPSON, Appellant.

Harry W. Horton and Whitelaw & Whitelaw for Appellant.

Hickcox & Provence for Respondent.

GRIFFIN, J.—This is an appeal by defendant J. L. Thompson from an order denying a motion for release of attachment. On July 19, 1939, plaintiff and respondent filed his verified complaint alleging, in one count, that he is a shipper and distributor of carrots and other perishable products; that defendants J. L. Thompson and J. T. Bunn were doing business under the fictitious firm name of Crown Packing Company; that they acted together as a copartnership under the fictitious firm name of Crown Packing Company; that the Crown Packing Company, sued herein as John Doe Company, was a corporation organized in the State of California; that the true name of the corporation was unknown; that on May 22, 1939, the plaintiff owned or had under his control 100

acres of carrots; that he entered into an exclusive written sales agreement with the defendants for the sale of the carrots in words and figures as follows:

"May 22, 1939.

"Sales Agreement.

·"We hereby appoint the Crown Packing Company as our exclusive sales agent to sell our carrots, approximately 100 cars more or less, at best possible price. The Crown Packing Company guarantees $1.05 per crate f.o.b. to cover packing and growing cost. The Crown Packing Company shall receive as selling commission 10 per cent of over and above guaranteed price.

"Z. Asamen
"Z. Asamen
"J. T. Bunn
"Crown Packing Co.";

that the contract was executed and was to be performed in the city of Brawley; that it was understood and agreed that the carrots mentioned in the agreement were to be packed and prepared for shipping at Brawley and that the f.o.b. price referred to in the agreement was understood to be f.o.b. Brawley; that 85c per crate represents the cost of packing under the terms of the agreement and 20c per crate represents the cost of growing the carrots under the terms thereof; that plaintiff has performed everything upon his part agreed to be performed in the agreement; that pursuant to its terms the defendants accepted and sold 35 cars of carrots, each car containing 348 crates; that defendants accounted for only 28 cars of carrots and have paid to plaintiff upon the guaranteed price of $1.05 per crate, the sum of $6,415.96, and defendants have failed and refused to account for the other 7 cars received by them; that the defendants have received payment for the other 7 cars of carrots not accounted for by them; that the 35 cars of carrots accepted and sold by them contained a total of 12,180 crates and that at the guaranteed price of $1.05 per crate the defendants became indebted to plaintiff therefor in the sum of $12,789; that no part thereof has been paid except the sum of $6,415.96; and that there remains owing from defendants the sum of $6,373.04 balance due for carrots already received and sold by them,

In the second count it is alleged that plaintiff performed everything upon his part agreed to be performed in the agreement and before June 22, 1939, was ready and willing to deliver to defendants for shipment the other 65 cars of carrots referred to in the exclusive sales agreement; that the defendants refused to accept the carrots and sell them pursuant to its terms or at all; that plaintiff demanded that they accept the carrots under the terms of the agreement and after the defendants refused to accept and sell them the plaintiff harvested and prepared for shipment one car of carrots and sold it and received therefor the sum of $302.97, or $7.17 over the cost of packing carrots for sale under the terms of the agreement; that the market for carrots then declined to such an extent that the plaintiff could not harvest and prepare the same for shipment with any reasonable certainty that sufficient moneys would be returned therefrom to pay the cost of packing the same for shipment; that 65 cars of carrots which the defendants refused to accept were to contain 348 crates each or a total of 22,620 crates of carrots; that the cost of growing the carrots referred to in the agreement was 20 cents per crate and the defendants became indebted to the plaintiff for that cost of growing in the sum of $4,524; that the defendants are entitled to a credit thereon in the sum of $7.17; and that the entire balance of $4,516.83 is due from defendants to cover the growing cost of the carrots which they refused to accept and which cost the defendants guaranteed to pay; and that as a proximate result of defendants' failure and refusal to accept the 65 cars of carrots and to sell and pay for them as agreed, the plaintiff has been damaged in the sum of $4,516.83.

Judgment was sought in the sums stated and a writ of attachment was issued and levied upon the bank account of J. L. Thompson, J. T. Bunn, and J. L. Thompson Company. Defendants, as sued, appeared and answered. They denied that either or any of them named, either as individuals or as copartners, ever executed the instrument set forth but alleged that the contract was executed by the Crown Packing Company, a corporation.

J. L. Thompson, in connection with his motion to discharge the above-mentioned attachment, filed his affidavit claiming that the Crown Packing Company was a corporation and not

a partnership operating under that name; that he was not an incorporator or director thereof nor interested therein; that he was not a party to the agreement; that he was never associated with J. T. Bunn in any business operating under that name. J. T. Bunn filed a similar affidavit. This motion came on regularly for hearing before the trial court. After argument the court continued the further hearing of the motion, made an order allowing "affidavits and counter-affidavits to be filed by the parties," and thereafter the motion was denied. Appellant's motion to dismiss the attachment was based "upon the files and records and upon the affidavits." The sole ground for dismissal was that "neither or any of said parties were ever or now are they a party to said action, said action being against the Crown Packing Company, a corporation, and that said attachment is without grounds against either or any of said parties."

It is appellant's argument that the affidavits filed by him in support of his motion were specific and direct as to any interest Thompson had in the corporation or his liability under the agreement, and that the general allegations of the complaint were insufficient to meet or overcome those specific allegations made in the affidavits upon this point, and that the trial court was therefore compelled to dismiss the attachment, citing *Sparks* v. *Bell,* 137 Cal. 415, 418 [70 P. 281].

Just what affidavits were before the trial court and what evidence was taken in determining the motion cannot be ascertained from the record as certified by the trial judge. The affidavit upon which the attachment issued, if any, was not made a part of the record on appeal. Other evidence on this question may have been taken upon the hearing. The certificate of the trial judge merely recites that the transcript includes all matters "sought to be incorporated therein" and "certify to the truth and correctness" thereof, but does not recite that the transcript as prepared contains all of the evidentiary matter and documents *used* and considered on the hearing. This is essential to a proper certification of the record on appeal from such an order as is here involved. (*Bartholomew* v. *Cross,* 42 Cal.App.2d 28 [108 P.2d 49]; *Wynecoop* v. *Superior Court,* 17 Cal.2d 657 [111 P.2d 332].) It will therefore be presumed in the absence of such proper certification that there were other documents used or other

evidence produced that would support the order. Appellant Thompson was a defendant in the action. The complaint stated a cause of action against him either individually or as one of the partners of the Crown Packing Company. The allegations of the verified complaint, considered with the presumptions attaching to the validity of the court's order, were sufficient to create a conflict on the issue presented by appellants' affidavits. ▮ The question of appellants' liability went to the merits of the action and was a question to be determined from the pleadings and the evidence in the main proceeding and could not and should not be determined on a motion to dismiss the attachment. (*Corum* v. *Superior Court*, 114 Cal.App. 741 [300 P. 837]; *Republic Truck Sales Corp.* v. *Peak*, 194 Cal. 492, 503 [229 P. 331].) This sufficiently disposes of the question here presented.

Order affirmed.

Barnard, P. J., and Marks, J., concurred.