[Civ. No. 15636. Second Dist., Div. Three. June 25, 1947.]

LORI, LTD., INCORPORATED et al., Respondents, v. E. E. WOLFE et al., Defendants; BEN HECHT et al., Appellants.

Benjamin J. Goodman for Appellants.

A. Brigham Rose for Respondents.

KINCAID, J. pro tem.—Defendants Ben Hecht and J. G. Salomon, a copartnership operating under the fictitious firm name of Monarch Hotels Operating Company, and Ben Hecht, appeal from an order entered on January 22, 1946, denying their motion to discharge plaintiffs' writ of attachment. An appeal from such an order may be taken. (Code Civ. Proc., § 963, subd. 2.)

The plaintiffs herein have instituted this action in unlawful detainer and by amended complaint allege that in February, 1944, they leased in writing to defendants Wolfe certain premises known as the Hotel Brevoort and the Hotel Brevoort Villas, situate in Los Angeles, California, for the term of five years, at the monthly rental of $1,200, with a proviso that at the expiration of one year lessors have the option of receiving 30 per cent of the gross revenue received as rent by the lessees, in lieu of the aforesaid stipulated rental, it being incumbent upon lessees to furnish plaintiffs, on the 1st of December, 1945, and of each year thereafter, a true account of all revenues obtained by lessees from their operation of the demised premises; said lease further provides for the employment and payment of gardener personnel; that no cooking is to be permitted by guests, nor any part of the premises used for any illegal or immoral purpose. The pleading further alleges the defendants Wolfe continued to operate and manage the premises until April 15, 1945, when they turned over its possession, management and operation to defendants Hecht, Salomon and Monarch Hotels Operating Company, the latter defendants being now in possession thereof; that the defendants have breached and violated the covenants of the lease in that they have failed to pay the monthly rentals due on the premises since April 14, 1945, have not paid the sum provided for gardening expense, have permitted guests to cook meals and maintain electrical attachments therefor on the premises as a result of which the property has been overrun with rodents and insects; that defendants have permitted the premises to be used as headquarters for bookmakers, prostitutes, and for other immoral purposes; that the defendants failed to furnish plaintiffs on the due date thereof with a true account of all revenues obtained by the lessees from the premises as in the lease provided, and have caused to be maintained false and untrue records of account concerning such revenues for the period subsequent to February 14, 1945, and that certain of such accounts have been destroyed by defendants. Plaintiffs further allege that on December 15, 1945, they served on defendants a written notice of their election to accept 30 per cent of the gross revenues received as rent by defendants and upon information and belief allege said percentage of gross revenue received by defendants in their operation and use of the premises is $30,000, no part of which has been paid, notwithstanding a three-day notice previously served demanding payment thereof; that by reason of the aforesaid breaches of the conditions and

covenants, other than the payment of the rentals and for gardening, defendants have violated the provisions of section 1161, subdivision 4, Code of Civil Procedure; that on December 8, 1945, plaintiffs served upon defendants a written three-day notice to deliver up possession of the premises; that more than three days have elapsed thereafter and the defendants are still in possession and refuse to surrender the premises to plaintiffs. Plaintiffs pray judgment for restitution of possession, for the sum of $30,000 rent due and unpaid, $250 due for gardening, and for other relief.

Plaintiffs also filed an affidavit for attachment wherein it was deposed that defendants were indebted to them in the sum of $25,000, plus interest, upon an express contract for the direct payment of money, to wit: covenant and written lease to pay rent for use and occupation of premises and costs of suit, such contract being made or payable in this state and that payment has not been secured by any mortgage, deed of trust or lien upon real estate or on personal property or any pledge of personal property. An undertaking in due form was filed and thereupon, on January 3, 1946, a writ of attachment was issued and levied upon the bank account of the appealing defendants in the sum of $22,146.78.

On January 15, 1946, said defendants moved the court for an order discharging the writ of attachment on the following grounds: ''(1) That the same was improperly and irregularly issued, in that the alleged cause of action set forth in the Complaint on file in this action is not predicated upon an obligation for the direct payment of money, nor is the demand against these moving defendants predicated upon privity of contract between plaintiffs and defendants; and on the ground that the action is not predicated upon an express contract between plaintiffs and defendants; and upon the ground that said Complaint shows that the amount claimed by plaintiffs to be due from defendants requires an accounting action before the same can be ascertained; and on the ground that the affidavit on attachment upon which said writ was issued states under oath that the claim of plaintiffs is predicated upon a covenant and written lease to pay rent for use and occupation of premises, and there is no allegation in the Complaint to show that these defendants are in privity of contract with plaintiffs on any such covenant; and on the ground that it must be alleged in an action in unlawful detainer that rent is actually due and payable from the

defendants to the plaintiffs before an attachment can be levied thereon.

"(2) That the writ of attachment was improperly and irregularly issued and is not such an action which entitles plaintiffs to an attachment under the provisions of Section 537 of the Code of Civil Procedure of the State of California.

"(3) That plaintiffs did not serve the required statutory notice on these defendants before instituting the above-entitled action, to wit, a three-days' notice to pay rent or quit." The notice of said motion further stated that, in addition to the records, files and pleadings in the action, it would be based upon the affidavit of Ben Hecht filed and served therewith.

This affidavit by defendant Hecht recites, in part, that the involved lease contains no covenants against its assignment and that on April 9, 1945, the defendants Wolfe transferred and assigned said lease to the appealing defendants for a consideration of $52,500 and including the sum of $4,800 which had theretofore been deposited by the Wolfes with plaintiffs as advanced or security rent on the lease; that said appealing defendants took possession of the premises and have continued to and do now manage and operate the same, having on the same date notified plaintiffs of such transfer and assignment; that affiant has tendered to plaintiffs all rent which has accrued under the terms of the lease and will continue to tender all future rent which may become due; that plaintiffs have continued to and do now fail and refuse to accept said rents from the appealing defendants and have refused to recognize such defendants as assignees of the lease, or as tenants in possession; that plaintiffs, by a separate action against the defendants Wolfe, seek to reform the involved lease by having inserted therein a clause against transfer and assignment of lease without the consent of the lessors which plaintiffs contend was inadvertently omitted from the lease through mutual mistake of fact and law.

The principal point stressed by appellants as requiring a reversal of the order complained of is that the affidavit of plaintiffs for attachment is fatally defective in that, while it negatives the existence of all the kinds of security mentioned in section 537, Code of Civil Procedure, it fails to set forth the fact that the lease, including the obligation to pay rent, is secured by the sum of $4,800, in advance rentals in possession of plaintiffs; further, there is no allegation in the amended complaint or affidavit for attachment that this security has become valueless.

The language employed by plaintiffs in the affidavit for attachment conforms to the wording of the statute which is all that is required for the issuance of the writ. (*Corum* v. *Superior Court,* 114 Cal.App. 741, 746 [300 P. 837].) The most that can be said in support of appellant's apparent contention that the deposit with plaintiffs of the sum of $4,800 created some kind of lien or security preventing issuance of attachment is that it was posted as security for the faithful performance of the terms of the lease. The question as to whether the terms and provisions of the lease have been breached by defendants constitutes the fundamental issue of this unlawful detainer action and necessarily cannot be determined on a motion to discharge an attachment but only by being put in issue and tried on the merits of the case itself. (*Republic Truck Sales Corp.* v. *Peak,* 194 Cal. 492, 504 [229 P. 331]; *Asamen* v. *Thompson,* 55 Cal.App.2d 657, 661 [131 P.2d 839]; *Corum* v. *Superior Court, supra,* p. 746.)

 Appellants further contend that section 537, subdivision 4, Code of Civil Procedure, providing for the issuance of an attachment in an unlawful detainer action, has not been complied with by the amended complaint in that such pleading fails to allege a privity of contract with appellants or that the rent claimed was actually due and payable by them to the lessor plaintiffs. Any such claimed deficiencies in the pleading are supplied, however, at least for the limited purpose of the validity of the motion to discharge attachment, by Exhibit "E" made a part of Hecht's supporting affidavit in which appellants concede the sum of $74,269.47 gross revenue has been received by them from the demised premises, that they are in possession as tenant assignees of the lease and again tender plaintiffs all rents now due under its terms and provisions. The mere fact that plaintiffs may possibly have changed their position by these proceedings to one of recognition of appellants as tenants under the lease is not a ground for invalidity of the attachment. The notice to quit which was served upon defendants meets the requirements of section 1161, subdivision 4, Code of Civil Procedure.

The order from which this appeal is taken is affirmed.

Shinn, Acting P. J., and Wood, J., concurred.

A petition for a rehearing was denied July 22, 1947, and appellants' petition for a hearing by the Supreme Court was denied August 21, 1947.