252 P.2d 1003]

[Civ. No. 19137.   Second Dist., Div. One.   Feb. 10, 1953.]

BREVOORT HOTEL (a Corporation), Respondent, v. ZELLETTA M. ROSE et al., Appellants.

A. Brigham Rose for Appellants.

Benjamin J. Goodman for Respondent.

DRAPEAU, J.—Lori, Ltd., a corporation, and Zelletta M. Rose own the Brevoort Hotel in North Hollywood. They leased the property to E. E. Wolfe and his wife. The lease did not contain a clause forbidding assignment without consent of the lessors. The lease was prepared in the office of A. Brigham Rose, Esq., husband of Zelletta M. Rose, and a member of the State Bar of California.

Mr. Rose said that the lease had been typewritten by an employee in his office; that he had told her to type such a clause into the lease; that he always supposed she had done so; and that it came as a great shock to him when he found that the clause had been omitted from the document subscribed to by the parties.

The Wolfes advised Mr. Rose that they were going to assign the lease to Ben Hecht and J. G. Salomon. Mr. Rose, thinking the omitted clause was in the lease, told them that they couldn't do that. They told Mr. Rose that the lease would be assigned, whether he liked it or not. And so it was assigned, first to Hecht and Salomon, and, later on, by them to Brevoort Hotel, a corporation. Hecht and Salomon caused this corporation to be organized, owned all of its stock, and managed and controlled it.

Litigation and bad feeling among all the parties have been manifest ever since. (See *Rose* v. *Hecht,* 94 Cal.App.2d 662 [211 P.2d 347]; *Lori, Ltd., Inc.* v. *Wolfe,* 85 Cal.App.2d 54 [192 P.2d 112]; *Lori, Ltd., Inc.* v. *Wolfe,* 80 Cal.App.2d 557 [180 P.2d 21].)

In *Lori, Ltd., Inc.* v. *Wolfe, supra,* 85 Cal.App.2d 54, the Roses sought to reform the lease. That action was decided against them in the superior court, and the judgment was affirmed by the District Court of Appeal.

The facts in the instant case may be briefly stated: In an action in the superior court (No. 532896), the Roses sued Brevoort Hotel, a corporation, together with other named defendants. In that action they secured an attachment on bank acccounts of the Brevoort corporation, and put a keeper in the hotel. At that time the Brevoort corporation owned by assignment the leasehold interest in the property.

The case went off by way of nonsuit and judgment against the plaintiffs as to the hotel corporation.

Brevoort corporation then brought this action for damages for wrongful attachment. The case was tried for several days in the superior court. Findings were against the Roses and their sureties on attachment bonds, and for Brevoort corporation, with damages fixed at $4,500.

Zelletta M. Rose, Lori, Ltd., Inc., and the sureties appeal from the judgment which followed.

██ In this action as in the one to reform the lease (*Lori, Ltd., Inc.* v. *Wolfe, supra*), this court of review is bound by California's substantial-evidence rule. It was the province of the trial judge who heard the evidence to decide the facts in controversy. The findings receive support from the evidence, and that is all there is to the case. (See text and cases in 3 Cal. Jur.2d 407.)

██ Defendants in their briefs present the following points:

"1. Where the alleged assignee of the lease without consent of the lessors was in possession of the leased premises and the issue of assignability of the lease, the performance of the covenants of the lease, the rights to have the lease declared forfeited for various breaches, and where the amount of rentals due remain in a state of undetermination by reason of pending appeals, may the interlopers, Hecht and Salomon, through the process of metamorphosis, utilizing the stenographic force of their counsel staff by forming a so-called corporation, of which they were the sole and solitary stockholders, by reason of an undisclosed transfer or assignment of the lease, claim to be victims of an unwarranted attachment, when the trial court in the particular case in which the attachment had been run, definitely declared that he was going to permit the lessors to protect themselves by way of an attachment to secure them in the amount accruing by reason of their occupancy under the provisions of the lease for the full amount due?

"2. May, as a matter of law, the respondent herein contend that they are entitled to damages where they voluntarily appeared without service having been made upon them, in an action in which judgment was ultimately rendered after checks allegedly tendered by the true parties in interest, purporting to claim that they were a corporation, had been dishonored by the bank, and they were in occupancy of the premises under a disputed issue of whether they were legal assignees and whether they had not forfeited their rights to

continue in possession after a plea in abatement interjected by them?

"3. Can the respondent, as a matter of law, claim damages against sureties who had filed a confessedly void undertaking?

"4. Can the respondent claim damages against sureties who filed a bond but never qualified, which bond in the first instance was not as a matter of law required and which endured for only a matter of several days in contra-distinction to the period during which the respondent claims they were damaged?

"5. Can the undisputed actor involving all of the proceedings, who had initiated the alleged improper attachment as the attorney for the lessors, who is named as a defendant and against whom no judgment is rendered, saddle upon his clients, who were not shown to have directed or instructed him respecting these attachments or to have any knowledge thereof, held to be answerable in damages?"

Each of these points was argued at length to the trial judge. Each of them has to do with the weight, or the value, or the effect of the evidence—questions to be determined solely by the trier of fact.

In a document filed by appellants in this court on the day of the argument, entitled "Replication to Respondents' Brief," the further point is made that the findings are not "in rapport with the pleadings or the issues framed or determined in accordance with any legal precedents."

The record has been reviewed with this contention in mind. Applying the rules set forth in *Richter* v. *Walker,* 36 Cal.2d 634 [226 P.2d 593], the evidence supports the findings, and the findings support the judgment.

The judgment is affirmed; the appeal from the order denying motion for a new trial is dismissed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied March 3, 1953, and appellants' petition for a hearing by the Supreme Court was denied April 7, 1953.